IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GENE CAMARATA**, <br><br> Plaintiff, <br><br> v. <br><br> **APPLE COMPUTER, INC.,** *et al.*, <br><br> Defendants. | Case No. 3:18-cv-02134-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Defendants Apple, Inc. and Apple Pioneer Place (together, the "Apple Defendants") move to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendant City of Portland also moves to dismiss Plaintiff's other claims against all remaining defendants. For the reasons that follow, the Court grants the Apple Defendants' and City of Portland's motions.

BACKGROUND

Plaintiff states in his Complaint that he was "exercising his First Amendment rights on public sidewalks" in front of the Apple Pioneer Place store in downtown Portland, Oregon, on September 18th, 2016. Apple Pioneer Place is a "computer retail store, which leases from Pioneer Place, and fronts an entire block at 450 SW Yamhill Street." Plaintiff states that a Portland city police officer approached Plaintiff and told Plaintiff that the Apple store manager

and assistant manager had informed the officer that a certain area "adjacent to the road" was private property. The officer then told Plaintiff to leave or risk arrest. Plaintiff asked the officer why he would be arrested, and the officer responded that Plaintiff would be arrested for disorderly conduct for yelling, criminal trespassing, and an "exclusion." Plaintiff states that he left to avoid arrest.

Plaintiff further asserts that "Portland police officers are constantly stationed (possibly even hired)" in the Apple store. Plaintiff acknowledges that "the Apple private defendants do not work for the City" but he alleges that the private action was "so closely aligned with the City's, and in influencing the City, as to constitute state action." Plaintiff also asserts that "Apple's private behavior is that of the City itself" and that "Apple Defendants acted under color of state law by illegally conspiring with one or more city officers."

Plaintiff asserts a claim under 42 U.S.C. § 1983 against the Apple Defendants, as well as against the City of Portland, City police officers, and several John Doe defendants. With respect to Apple, he contends that "Apple and its employees, acting under color of state law . . . deprived the Plaintiff of rights and privileges, secured by the Constitution or laws of the United States to be on a public sidewalk." Plaintiff does not allege other action by the City of Portland beyond the actions taken by a Portland city police officer. Plaintiff seeks declaratory or injunctive relief regarding the location and use of public sidewalks, compensatory damages up to $500,000, and punitive damages.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

**A. Apple Defendants**

Section 1983 creates a remedy for individuals deprived of federal rights by persons acting under color of state law, and it applies to private entities only under narrow circumstances. A

plaintiff may not proceed unless, "under the facts of [the] case," the private entities are "appropriately characterized as state actors." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Courts faced with a § 1983 claim against a private party "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted). The U.S. Supreme Court has found state action when "a nominally private entity . . . is controlled by an agency of the State"; when it has been "delegated a public function by the State"; when it is "entwined with governmental policies" or "government is entwined in [the private entity's] management or control"; or when it is "a willful participant in joint activity with the State or its agents." *Id.*

Plaintiff's Complaint contains no facts plausibly suggesting a sufficiently close nexus or joint action between the City of Portland and the Apple Defendants sufficient to characterize the Apple Defendants as state actors. Rather, the Complaint alleges that "two people of the Apple store (the manager and assistant manager) told the officer that the wide section of property that was shaded adjacent to the road (where the bicycles were) is private property." Even if the Court were to infer from this that Apple employees requested that the police officer arrest Plaintiff, such conduct does not support a § 1983 claim. As the Ninth Circuit has stated, "merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989). Nor is Plaintiff's assertion that police officers are frequently present and possibly hired at the Apple Pioneer Place sufficient to establish state action. *See Villegas v. Gilroy Garlic Festival Association*, 541 F.3d 950 (9th Cir. 2008) (en

banc); *see also Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) ("bare allegation that the [police, business, and employees] acted in concert in removing Plaintiff and other petition gatherers from the public sidewalk is insufficient to establish joint action").

Plaintiff, therefore, has not stated a § 1983 claim against the private Apple Defendants because he has not plausibly plead that they are state actors. Plaintiff's sole claim against the Apple Defendants is dismissed.

## B. City of Portland

Although courts apply a liberal pleading standard to self-represented litigants, mere conclusory statements that only recite the elements of a claim, without more, cannot survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, the Complaint fails to state a claim for municipal liability against the City. Plaintiff was never arrested, and Plaintiff expressly states that he is not asserting a claim against the City based on the alleged threat of arrest. The Complaint states that Plaintiff suffered injuries, including severe mental anguish and emotional distress, loss of the use of public sidewalks, and injury to his reputation. But Plaintiff does not allege how any specific conduct by the City of Portland supports a plausible claim to relief. Absent a claim arising from an arrest or threat of

arrest, for which Plaintiff asserts specific conduct by a City police officer, Plaintiff has no claim against the City based on the facts alleged.[1]

Plaintiff also seeks declaratory or injunctive relief from the court, "determining exactly where the relevant public sidewalks are, and who is allowed to use them." The Declaratory Judgment Act, 28 U.S.C. § 2201, allows individuals to seek a declaration of the constitutionality of a disputed governmental action. *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 71 n. 15 (1978). To issue a declaration, the Court must address two conditions. "First, the court must inquire whether there is a case of actual controversy within its jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Second, "the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments." *Id.* at 143-44. Here, the request to identify the location of public sidewalks is not "a disputed governmental action" subject to judicial review. Moreover, the location of public sidewalks and who is allowed to use them is not an actual controversy within this jurisdiction. Plaintiff therefore does not state a viable claim for declaratory judgment.

## CONCLUSION

Defendants' motions to dismiss (ECF 5 and ECF 6) are GRANTED, and this case is DISMISSED.

**IT IS SO ORDERED.**

DATED this 11th day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] City of Portland also states that based on their conferral with Plaintiff, "the City does not expect Plaintiff to challenge this argument." ECF 6. Plaintiff has not responded to either motion to dismiss.